# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

CONNIE J. CLARK,                    )
                                    )
  *Plaintiff*,            )  Case No. 3:26-cv-194
                                    )
v.                                  )  Judge Atchley
                                    )
CLAYTON HOMES, INC.,                )  Magistrate Judge McCook
                                    )
  *Defendant*.             )

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Clayton Homes, Inc.'s Motion to Dismiss [Doc. 8]. Pro se Plaintiff Connie J. Clark did not file a response to the motion and did not respond to the Court's Order to Show Cause advising that failure to respond would result in the dismissal of her claims. [Doc. 18]. The time to do so has now expired. *See* E.D. Tenn. L.R. 7.1(a)(2).

Plaintiff's failure to respond to Defendants' Motion to Dismiss is interpreted by this Court as a waiver of opposition to the Motion. *See* E.D. Tenn. L.R. 7.2. Local Rule 7.2 provides that "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." When a plaintiff fails to respond, "the district court *may* deem the plaintiff to have waived opposition to the motion." *Scott v. State of Tenn.*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (emphasis added); *see Humphrey v. U.S. Attorney Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008). However, the Sixth Circuit has determined that a district court abuses its discretion when it "dismiss[es] [a] complaint solely for [a plaintiff's] failure to respond to defendants' motion to dismiss." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Instead, the district court should evaluate the motion to determine whether the movants have met their burden. *Id*. at 454–55. Plaintiff further failed to respond to the Court's show cause order warning that "failure to timely

1

file a response…will result in the dismissal of this action based on the Motion to Dismiss." [Doc. 18 at 2]. For this reason alone, the Court would be justified in dismissing Plaintiff's claims for failure to prosecute under Federal Rule of Civil Procedure 41. However, out of an abundance of caution and in light of the Sixth Circuit's prior instruction in *Carver*, the Court will consider Defendants' motion on the merits.

## I.      BACKGROUND

1. <u>Instant Litigation</u>

On April 30, 2025, Dr. Jeffrey Ray Clark left his Centennial, Colorado, home to ride his dirt bike. [Doc. 1 at 4].[1] As he had done many times, Dr. Clark used a familiar access road to reach a dirt bike path about 1-2 miles from his home. [*Id.*]. Unknown to Dr. Clark, however, a fence had been strung across the access road without any "signage, [] markings, [or anything] to identify its danger." [*Id.*]. The next day, the local police found Dr. Clark deceased and reported that he had hit the fence that was placed along the bike path. [*Id.*]. The police report also mentioned that the area "was private property owned by Clayton Homes of Berkshire Hathaway Companies." [*Id.*].

Plaintiff Connie J. Clark, proceeding pro se, filed this instant action on April 23, 2026, against Defendant Clayton Homes, Inc. ("Clayton Homes"). [Doc. 1]. Plaintiff alleges that Clayton Homes's "negligence . . . directly caused the wrongful death of Dr. Jeffrey R. Clark" and "has caused immense emotional distress to the entire Clark Family." [*Id.* at 4–5]. Clayton Homes has now moved to dismiss Plaintiff's Complaint, lodging a factual challenge to the existence of subject-matter jurisdiction based on Plaintiff's purported lack of Article III standing. [Doc. 8 at 7–10]. Specifically, Clayton Homes argues that Plaintiff's alleged injury is not "fairly traceable" to

---

[1] For consistency and ease of reference, record citations are to the CM/ECF-stamped document and page number, not to the internal pagination of any filed document. Where possible, citation is made to more specific subdivisions within a document.

its conduct or redressable by it because it "is a holding company that does not own any real property in Colorado." [*Id.*]. It also argues, in the alternative, that Plaintiff's Complaint should be dismissed under the First-to-File Rule. [*Id.* at 10–13].

### 2. Prior Litigation

This is not Plaintiff's first lawsuit against Clayton Homes related to the death of Dr. Clark. On January 12, 2026, Plaintiff, proceeding pro se, filed a federal lawsuit in the United States District Court for the District of Colorado against Berkshire Hathaway, Inc. premised on the same facts as this instant action. Complaint, Doc. 1, *Clark v. Berkshire Hathaway*, 1:26-cv-00132-RMR-KAS (D. Colo. Jan. 12, 2026) (the "Colorado Action").[2] Plaintiff subsequently amended her complaint in the Colorado Action to add Clayton Homes as a defendant on February 26, 2026. Amended Complaint, Doc. 18 (D. Colo. Feb. 26, 2026).

In the Colorado Action, Clayton Homes has also moved to dismiss the amended complaint, arguing that the Colorado district court lacks personal jurisdiction because Clayton Homes "does not conduct any business in Colorado." Motion to Dismiss, Doc. 26 (D. Colo Mar. 9, 2026). As of the date of this Order, Clayton Homes' motion to dismiss in the Colorado Action remains pending.

## II.    STANDARD OF REVIEW

Rule 12(b)(1) motions fall into two categories: "facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A facial attack is a challenge to the sufficiency of the pleading itself." *Id.* In considering whether jurisdiction has been established on the face of the pleading, "the court must take the material allegations of the [pleading] as true and construed in the light most favorable to the nonmoving party." *Id*. (citing *Scheuer v. Rhodes*, 416 U.S. 232,

---

[2] The Court takes judicial notice of the docket in Plaintiff's prior suit. *See Buck v. Thomas M. Cooley Law Sch.*, 587 F.3d 812, 816 (6th Cir. 2010) ("[A] court may take judicial notice of other court proceedings without converting the motion into one for summary judgment.").

235-37 (1974)). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Id*. When resolving a factual attack, a court is not limited to merely the pleadings but instead retains broad discretion to consider and weigh extrinsic evidence. *Cartwright v. Garner*, 751 F.3d 752, 759–60 (6th Cir. 2014). The burden to prove jurisdiction is on the plaintiff. *Cob Clearinghouse Corp. v. Aetna U.S. Healthcare, Inc.*, 362 F.3d 877, 881 (6th Cir. 2004) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

**III.    ANALYSIS**

In its Motion to Dismiss, Clayton Homes asserts a factual attack to the existence of subject-matter jurisdiction. [Doc. 8 at 7–10]. It argues that Plaintiff lacks Article III standing because her injuries are not traceable to, or redressable by, Clayton Homes. In support of its argument, Clayton Homes has attached the Affidavit of Linda Ponce, who is the Assistant Secretary of Clayton Homes and is familiar with its corporate structure. [Doc. 8-1]. Ms. Ponce testifies that Clayton Homes "is a holding company that does not own any real property in Colorado," nor is it "qualified, licensed, registered, or authorized to do business in Colorado." [Id. at ¶¶ 4–5]. She explains that Clayton Homes "and its direct and indirect operating subsidiaries are separate and distinct legal entities," and Clayton Homes "is not involved in the day-to-day activities of its direct and indirect operating subsidiaries." [*Id.* at ¶ 4]. A such, Clayton Homes "had no involvement in the events complained of by Plaintiff in the . . . Complaint." [*Id.* at ¶ 6].

Article III of the Constitution limits the jurisdiction of federal courts to hear only actual cases and controversies. U.S. Const. art. 3, § 2. Courts have long understood Article III, Section 2 to require that a "case embody a genuine, live dispute between adverse parties, thereby preventing the federal courts from issuing advisory opinions." *Carney v. Adams*, 592 U.S. 53, 58 (2020) (citation omitted). To ensure that a live controversy exists between the parties, "constitutional

4

standing has three elements that serve as its irreducible minimum in all cases." *Miller v. City of Wickliffe*, 852 F.3d 497, 502 (6th Cir. 2017) (citing *Lujan*, 504 U.S. at 560). "First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical." *Id.* (internal citation and quotations omitted). The second element requires the plaintiff to prove causation—"i.e., that her injury is 'fairly traceable to the challenged action of the defendant, and not the result of independent action of some third party not before the court." *Id.* (citation and quotations omitted). For the third and final element, the plaintiff must "prove that it is likely, rather than merely speculative, that a favorable decision could redress the injury." *Id.* (citation omitted).

Here, Clayton Homes has submitted competent evidence demonstrating that Plaintiff's injury is neither traceable to Clayton Homes nor redressable by any relief against it. [*See* Doc. 8-1]. Specifically, the evidence shows that Clayton Homes does not conduct business or own property in Colorado and therefore could not have caused the injury alleged in the Complaint. [*Id.*]; see *Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 724 (6th Cir.2007) ("A parent corporation generally is not liable for the acts of its subsidiary, even if its subsidiary is wholly owned." (citing *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)). Plaintiff has offered no evidence to rebut Clayton Homes's factual challenge to subject-matter jurisdiction. Indeed, Plaintiff neither filed a response to Clayton Homes's Motion nor responded to the Court's Show Cause Order directing her to explain that failure. As a result, Plaintiff has failed to carry her burden of establishing subject-matter jurisdiction.

Accordingly, Clayton Homes's Motion [Doc. 8] is **GRANTED**.

IV.    **CONCLUSION**

For the reasons stated above, Defendant Clayton Homes, Inc.'s Motion to Dismiss [Doc. 8] is **GRANTED**, and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for lack of

subject-matter jurisdiction. In addition, Defendant Clayton Homes, Inc.'s Motion to Stay Discovery [Doc. 16] is **DENIED AS MOOT**.

       **SO ORDERED.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**
